**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**OMNIBUS ORDER STAYING DISCOVERY**

| | |
|---|---|
| Delicha Johnson v. Portfolio Recovery Associates, LLC | **2:25-cv-00467-CDS-MDC (ECF No. 24)** |
| Brooklyn Richards v. Portfolio Recovery Associates, LLC | **2:25-cv-00468-CDS-MDC (ECF No. 22)** |
| Christopher Hicks v. Portfolio Recovery Associates, LLC | **2:25-cv-00469-CDS-MDC (ECF No. 25)** |
| Frank Medina v. Portfolio Recovery Associates, LLC | **2:25-cv-00470-CDS-MDC (ECF No. 24)** |
| Diana Serotta v. Portfolio Recovery Associates, LLC | **2:25-cv-00471-CDS-MDC** |
| John Lepore v. Portfolio Recovery Associates, LLC | **2:25-cv-00474-CDS-MDC (ECF No. 21)** |
| Joseline Lugo v. Portfolio Recovery Associates, LLC | **2:25-cv-00475-CDS-MDC (ECF No. 22)** |
| Kim Sisemore v. Portfolio Recovery Associates, LLC | **2:25-cv-00477-CDS-MDC (ECF No. 23)** |
| Mark Carson v. Portfolio Recovery Associates, LLC | **2:25-cv-00478-CDS-MDC** |
| Maria Argueta v. Portfolio Recovery Associates, LLC | **2:25-cv-00479-CDS-MDC** |

| | |
|---|---|
| Olga Granados v. Portfolio Recovery Associates, LLC | **2:25-cv-00480-CDS-MDC (ECF No. 23)** |
| Mariolis Prieto v. Portfolio Recovery Associates, LLC | **2:25-cv-00481-CDS-MDC** |
| Ulises Ramirez v. Portfolio Recovery Associates, LLC | **2:25-cv-00482-CDS-MDC (ECF No. 21)** |
| Mauricio Rivera v. Portfolio Recovery Associates, LLC | **2:25-cv-00483-CDS-MDC (ECF No. 21)** |
| Patricia Hutchinson v. Portfolio Recovery Associates, LLC | **2:25-cv-00484-CDS-MDC (ECF No. 24)** |
| Tom Faneuff v. Portfolio Recovery Associates, LLC | **2:25-cv-00486-CDS-MDC** |
| Vessela Popstoyanova v. Portfolio Recovery Associates, LLC | **2:25-cv-00490-CDS-MDC** |
| Paul Estrada v. Portfolio Recovery Associates, LLC | **2:25-cv-00491-CDS-MDC** |
| Roctiv Garcia v. Portfolio Recovery Associates, LLC | **2:25-cv-00493-CDS-MDC** |
| Yuri Hurtado v. Portfolio Recovery Associates, LLC | **2:25-cv-00494-CDS-MDC (ECF No. 22)** |

Pending before the Court are *Stipulations Regarding Discovery Dispute* filed in several of the above cases. For the reasons stated below, the Court adopts the defendant's position and, *sua sponte*, stays discovery in all of the related cases.

//

//

**DISCUSSION**

**I.   BACKGROUND**

All of the above cases were filed by the same plaintiff's counsel, Kind Law, against the same defendant, Portfolio Recovery Associates, LLC ("Portfolio"). The complaints in each case contain substantially identical claims, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Specifically, all plaintiffs contend Portfolio violated 15 U.S.C. § 1692c(b) by allegedly disclosing information about each plaintiff's purported debt to a third-party mailing vendor. Thus, the cases were re-assigned to the same district judge and the undersigned magistrate judge.

In several of the cases the parties filed *Stipulations Regarding Discovery Dispute* in which defendant requests to stay discovery pending resolution of pending dispositive motions.  *See 2:25-cv-00467-CDS-MDC (ECF No. 24); 2:25-cv-00468-CDS-MDC (ECF No. 22); 2:25-cv-00469-CDS-MDC (ECF No. 25);2:25-cv-00470-CDS-MDC (ECF No. 24);2:25-cv-00474-CDS-MDC (ECF No. 21); 2:25-cv-00475-CDS-MDC (ECF No. 22); 2:25-cv-00477-CDS-MDC (ECF No. 23);2:25-cv-00480-CDS-MDC (ECF No. 23); 2:25-cv-00482-CDS-MDC (ECF No. 21); 2:25-cv-00483-CDS-MDC (ECF No. 21); 2:25-cv-00484-CDS-MDC (ECF No. 24);* and *2:25-cv-00494-CDS-MDC (ECF No. 22)*.  The stipulations were filed pursuant to the Court's Standing Order regarding discovery disputes.  Plaintiffs oppose staying discovery.

**II.   LEGAL STANDARD**

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]"  *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Erwine v. United States*, No. 3:24-CV-00045-MMD-CSD, 2024 WL 4029202, at *2 (D. Nev.

Sept. 3, 2024), *reconsideration denied*, No. 3:24-CV-00045-MMD-CSD, 2024 WL 4707934 (D. Nev. Nov. 7, 2024)(*quoting Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted. "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id*.  When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).  Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

This Court has previously adapted the pragmatic approach when considering whether to stay discovery pending the adjudication of dispositive motions.  Under the pragmatic approach, the Court considers whether (1) the dispositive motions can be decided without further discovery; and (2) good cause exists to stay discovery. *Aristocrat Techs., Inc. v. Light & Wonder, Inc*., No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024)(citing *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS 198974, at *14 (D. Nev. Oct. 14, 2021).

Under Federal Rule of Civil Procedure 26(c), and the court's inherent and broad discretion to control its docket, a court may *sua sponte* enter an order staying discovery.  *Walker v. Intelli-Heart Servs., Inc*., No. 3:18-cv-00132-MMD-CBC, 2019 WL 2330883, at *2 (D. Nev. May 30, 2019)("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")(*quoting Clinton v. Jones*, 520 U.S. 681, 706 (1997)(affirming *sua sponte* order staying discovery); *see also Coleman v. Schwarzenegger*, 2007 WL 4276554, at *1 (E.D. Cal. Nov. 29, 2007)(court may *sua sponte* stay discovery per Rule 26(c) and its inherent authority); *Vohra v. City of Placentia*, 2012 WL 12957107, at *5 (C.D. Cal. Apr. 9, 2012)(sua sponte order staying discovery).

//

//

### III.  ANALYSIS

In all of the cases plaintiffs have filed *Motions to Remand* and defendant Portfolio filed *Motions to Dismiss*.  By the *Stipulations Regarding Discovery Dispute* (*supra*), defendant Portfolio seeks to stay discovery pending resolution of these dispositive motions.  All parties agree that no discovery is needed to adjudicate the dispositive motions and thus, the first element of the pragmatic approach is satisfied. The parties, however, disagree whether good cause exists to stay discovery.

Plaintiffs argues that no good cause exists to stay discovery because discovery is not complex; defendant is not unduly burdened because discovery would be inexpensive; discovery would proceed even if the dispositive motions are granted; and plaintiffs will be prejudiced by the delay because witnesses may become unavailable and memories fade over time.

Defendant argues good cause exists to stay discover because they have a likelihood of success on their Motions to Dismiss; discovery would be, expensive, expansive, and burdensome; subject matter jurisdiction is contested.

The Court is persuaded by defendant's argument and finds good cause exists to stay discovery. The Court is not only persuaded that discovery is likely to be expensive, expansive, and burdensome on defendant, but it will also impose a burden on the Court to manage discovery in the 20 cases.  Such burdens may be unnecessary because the Court has peeked at the pending *Motions to Dismiss* and is convinced that the motions will prevail.  *Schrader,* 2021 U.S. Dist. LEXIS 198974, at *12 (good cause to stay discovery also exits where the Court is convinced about the merits of a dispositive motion, borrowing this element from the preliminary peek standard)(*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

Because they are identical, the Court *sua sponte* extends the stay of discovery to the above-captioned cases in which the parties did not file *Stipulations Regarding Discovery Dispute.  See FRCP 26(c);Walker*, 2019 WL 2330883, at *2; *Coleman*, 2007 WL 4276554, at *1.  Therefore, discovery will

be stayed in all of the above-captioned cases.  Staying discovery will promote judicial economy and efficient and uniform management and disposition of all the cases.

**IV.  CONCLUSION**

For the foregoing reasons, the Court grants defendant's request to stay discovery and *sua sponte* extends the stay of discovery to the above-captioned cases in which the parties did not file *Stipulations Regarding Discovery Dispute.*

ACCORDINGLY,

**IT IS ORDERED that the** *Stipulations Regarding Discovery Dispute* are **GRANTED** as to defendant's request to stay discovery in the following matters: *2:25-cv-00467-CDS-MDC (ECF No. 24); 2:25-cv-00468-CDS-MDC (ECF No. 22); 2:25-cv-00469-CDS-MDC (ECF No. 25);2:25-cv-00470-CDS-MDC (ECF No. 24);2:25-cv-00474-CDS-MDC (ECF No. 21); 2:25-cv-00475-CDS-MDC (ECF No. 22); 2:25-cv-00477-CDS-MDC (ECF No. 23);2:25-cv-00480-CDS-MDC (ECF No. 23); 2:25-cv-00482-CDS-MDC (ECF No. 21); 2:25-cv-00483-CDS-MDC (ECF No. 21); 2:25-cv-00484-CDS-MDC (ECF No. 24);* and *2:25-cv-00494-CDS-MDC (ECF No. 22).*

**IT IS FURTHER ORDERED** that discovery shall be stayed in all of the above-captioned cases until further Court order.

IT IS SO ORDERED.

Dated:  May 14, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge